```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DENISE ABREU,
                                                                    **MEMORANDUM AND ORDER**
                                                                    **AND ORDER TO SHOW CAUSE**
                        Plaintiff,
                                                                    14-cv-6742 (SLT) (MDG)
        -against-

THE NEW YORK METHODIST
HOSPITAL, et al.,

                        Defendants.
------------------------------------------------------------x
```
**TOWNES, United States District Judge,**

Plaintiff Denise Abreu commenced the instant employment discrimination action on October 23, 2014, in New York Supreme Court, Kings County, alleging violations of New York City, New York State and federal anti-discrimination laws. On November 17, 2014, after attempting to persuade Plaintiff's counsel to withdraw Plaintiff's federal claims on the grounds that they were not properly exhausted before the Equal Employment Opportunity Commission (EEOC), Defendants' counsel removed the action to this Court. Currently before the Court is Defendants' motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against Plaintiff's counsel for interposing and refusing to withdraw the unexhausted federal claims. Fed. R. Civ. P. 11. For the following reasons, Plaintiff is directed to withdraw her federal claims, Defendants are directed to show cause why Plaintiff's municipal and state law claims should not be remanded to state court, and Defendants' Rule 11 motion is denied.

*Voluntary Dismissal of Plaintiff's Federal Claims*

Three days after removing this action to this Court, on November 20, 2014, Defendants' counsel sought an extension of time to file an answer or otherwise respond to the complaint. Defendants' time to respond to the complaint was extended until December 15, 2014.

Defendants did not answer. Instead, on December 12, 2014, Defendants' counsel filed (1) a pre-motion conference request letter pursuant to this Court's Individual Rules, regarding an anticipated motion to dismiss and (2) a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against Plaintiff's counsel, on the grounds that Plaintiff's federal claims are frivolous because Plaintiff failed to exhaust by filing a charge of discrimination before the EEOC prior to commencing suit.

In a letter dated December 11, 2014 and filed with this Court on December 15, 2014, Plaintiff's counsel requests that this Court schedule a conference in light of Plaintiff's intent to "discontinue the federal cause of action, which would render the [Rule 11] motion moot and divest this Court of its jurisdiction in this case." In light of the submissions, the Court has determined that no conference is necessary. <u>Consistent with the position recited in her December 15, 2014 letter, Plaintiff is directed to withdraw her federal causes of action on or before December 19, 2014 or explain why she declines to do so.</u> See Fed. R. Civ. P. 41(1)(A)(i).

***This Court's Jurisdiction***

As mentioned above, on November 17, 2014, Defendants' counsel removed this action to this Court on the grounds that there were federal causes of action on the face of the well-pleaded complaint. Subsection (c) of the Removal Statute, 28 U.S.C.A. § 1447(c), provides that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.* An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C.A. § 1447(c) (emphasis added).  *In light of Plaintiff's decision to withdraw her federal claims, Defendants – as the removing party – are ordered to show cause on or before December 23, 2014 why Plaintiff's state and municipal claims should not be remanded to state court.*

*Rule 11 Sanctions*

On December 15, 2014, Defendants' counsel filed a letter demanding that Rule 11 sanctions be assessed against Plaintiff's counsel, notwithstanding Plaintiff's agreement to withdraw her disputed federal claims, on the grounds that Plaintiff's counsel did not withdraw the federal claims within the twenty-one day safe harbor period provided for in Rule 11. According to Defendants, the safe harbor period commenced on November 17, 2014, and Plaintiff's counsel did not agree to withdraw the disputed claims until December 15, 2014 – one week after expiration of the 21 day safe harbor period.[1]

Rule 11 provides, *inter alia,* that, by submitting a signed pleading to the Court, an attorney "[is] certif[ying] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims … are warranted by existing law or by a nonfrivolous argument for extending … law[; and] the factual contentions have evidentiary support…." Fed. R. Civ. P. 11. Thus, under Rule 11, to avoid the risk of sanctions, counsel must undertake reasonable inquiry to "ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) (citation

---

[1] Exhibit 3 to Defendants' Rule 11 motion purports to be a copy of the Rule 11 safe harbor notice, which was purportedly sent to Plaintiff's counsel and notified counsel that Defendants' counsel would move for Rule 11 sanctions if Plaintiff failed to withdraw her federal claims within 21 days.  The notice is undated, however, in their supporting memorandum, Defendants' counsel represent that it was sent on the same day that the action was removed – November 17, 2014.

and internal quotation marks omitted). "A high standard exists for imposing Rule 11 sanctions." *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 368 (E.D.N.Y. 2013) (citing *Eisenberg v. Yes Clothing Co.*, No. 90 CIV. 8280(JFK), 1992 WL 36129, at *4 (S.D.N.Y. Feb. 19, 1992) ("Rule 11 sanctions are not to be imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak"); *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) ("[R]ule 11 is violated only when it is patently clear that a claim has absolutely no chance of success.")). In considering a Rule 11 motion, this Court applies an "objective standard of reasonableness," *MacDraw v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1257 (2d Cir. 1996), and "[w]hen divining the point at which an argument turns from merely losing to losing *and* sanctionable, ... courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal quotation marks omitted).

     Here, although it appears that Plaintiff's federal discrimination claims were not properly exhausted, it does not appear that Plaintiff's counsel interposed this action in bad faith or that Plaintiff's claims are frivolous, vexatious, or meant to harass Defendants. Rather, it appears that within a month of Defendants' removal of this action, Plaintiff's counsel reassessed the federal claims and concluded that Plaintiff could not proceed on those claims – irrespective of their underlying merit – on account of Plaintiff's failure to comply with a procedural prerequisite to filing suit. To the extent Defendants' motion is premised on Plaintiff's counsel's one week delay in withdrawing federal claims, under the circumstances here, that delay is not sufficiently egregious to justify imposing sanctions on Plaintiff's counsel. Indeed, at least part of the delay in litigating this case, thus delay in securing a dismissal of the disputed federal claims, is attributable to Defendants' decision to remove the action to federal court. (Defs' Rule 11 Br. at 4.) Accordingly, Rule 11 sanctions are inappropriate in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff is directed to withdraw her federal causes of action on or before December 19, 2014 or explain why she declines to do so. Defendants' motion for sanctions is DENIED. In light of Plaintiff's decision to withdraw her federal claims, Defendants are ordered to show cause on or before December 23, 2014 why Plaintiff's state and municipal claims should not be remanded to state court.

**SO ORDERED.**

                                                                           _____S/_____
                                                                           SANDRA L. TOWNES
                                                                           United States District Judge

Brooklyn, New York
Dated: December 16, 2014